IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES RUFUS PERRY, JR., | : | |
| Petitioner | : | |
| VS. | : | 1 : 05-CV-128 (WLS) |
| FREDERICK J. HEAD, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Petitioner was indicted, along with Nashon Perry and Taraveous Clyde, by the Terrell County grand jury on December 7, 1999, for malice murder, two counts of aggravated assault, and one count of possession of a firearm during the commission of a crime, in connection with the shooting death of Wanda Jackson and an aggravated assault on her daughter. Petitioner was convicted on all counts and sentenced to life imprisonment for malice murder, fifteen (15) years consecutive for the assault on Ms. Jackson's daughter, and five (5) years consecutive for the firearm charge. The Georgia Supreme Court affirmed petitioner's convictions and sentences on May 19, 2003. On June 9, 2003, the petitioner filed a state habeas petition in the Superior Court of Mitchell County. The state habeas court denied relief on March 19, 2004, and the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on September 28, 2004. The petitioner filed this federal habeas petition on September 21, 2005.

This court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Supreme Court, said findings are hereby adopted as follows.

> [I]nnocent bystander Jackson was fatally shot while trying to carry her then two-year-old daughter, [Deamber] Hughes, to safety during an altercation between members of the Perry family and a group known to the police as the "Sardis Clique". Hostility between the groups had escalated over the days prior to the shooting after N. Perry refused to pay a Sardis Clique member for $300 in illegal drugs. That led to an incident on July 14, 1999 in which the Perrys drove to the home of a Sardis Clique member; threats were exchanged; N. Perry was persuaded by J. Perry not to use a gun but instead handle the dispute with a fist fight; a smaller fight broke out between J. Perry and another Sardis Clique member; and the confrontation ended with a gun being discharged by the Perrys' father. Another incident between the two groups involved a near fight in a local mall. On July 17, 1999 the police received reports that the two groups intended to "settle" the matter at a local club that night. The police searched members of both groups, including appellants, who were present in the vicinity of the club. Although the police found no weapons, they arrested appellants' cousin Clyde on obstruction charges shortly before midnight. Two hours later, N. Perry swerved his car towards Tyrone Jackson, a Sardis Clique member who was standing on the sidewalk near the club, and ran over Jackson's foot. Tyrone Jackson threw a bottle at or into Perry's car. Using the Tec 9 semi-automatic weapon Clyde had purchased on July 15 and stashed the evening of the 17th in bushes near the club, N. Perry opened fire as he drove down the street. N. Perry parked the car a few blocks away and, joined by J. Perry armed with the .45 caliber pistol Clyde had purchased less than 24 hours earlier, returned to the area looking for the Sardis Clique member. After J. Perry fired the gun, N. Perry spotted Tyrone Jackson, took the weapon from his brother and intentionally fired several shots in Tyrone Jackson's direction. The victim, who was carrying her daughter into a nearby apartment building, was struck in the head and killed.

*Perry v. State*, 585 S.E.2d at 837.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 1522.

An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

3

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 120 S. Ct. at 1520)).

Accordingly, the petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 120 S. Ct. at 1519. [1]

*Sufficiency of the evidence*

It does not appear, nor has petitioner shown, that the Georgia Supreme Court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing sufficiency of the evidence set forth in *Jackson v. Virginia*. 443 U.S. 307 (1979), and viewed the evidence in the light most favorable to the verdict. The court concluded that a rational trier of fact could have found the petitioner guilty of the crimes charged beyond a reasonable doubt. The state court's conclusions regarding the sufficiency of the evidence reveal that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this court is prohibited from issuing habeas relief on the basis of the petitioner's challenges to the sufficiency of the evidence.

*Ineffective assistance claims*

In his original and amended petitions, the petition raises several grounds of alleged

---

[1] The court notes that although the Eleventh Circuit set out a three-part inquiry for applying § 2254(d)(1) in *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), the court recognized after the Supreme's Court decision in *Williams* that the "viability of [the third] aspect of *Neelley* is questionable". *McIntyre v. Williams*, 216 F.3d 1254, 1257 (11th Cir. 2000). Thus, the proper reasonableness inquiry is whether the lower court's decision was objectively reasonable. *Id*.

4

ineffective assistance of counsel. Counsel for the respondent asserts that most of these grounds are procedurally defaulted, except for allegations that counsel failed to ask for a severance and failed to object to the state's use of Nashon Perry's statement, which were decided on the merits by the state habeas court.

The state habeas court made the following findings of fact and conclusions of law in regard to petitioner's allegations of ineffectiveness against his trial counsel, attorney Edward Collier.

> Counsel has been a member of the Georgia State Bar in good standing since 1990, and at the time of his representation of Petitioner approximately 20 percent of his practice was dedicated to representing defendants in criminal proceedings.
>
> Upon counsel's appointment to Petitioner's case, counsel opted into the reciprocal discovery act and availed himself of the District Attorney's open-file policy. Counsel conducted a committal hearing on behalf of the Petitioner [and] counsel conducted a *Jackson-Denno* hearing to test the voluntariness of Petitioner's statements, as well as, a hearing as to the admissibility of any prior difficulty evidence.
>
> Counsel testified before this Court that throughout his representation of Petitioner, he had adequate time to meet and discuss the facts of the case, and that the petitioner was able to assist in his own defense.
>
> When asked under cross-examination why counsel did not request the trial court charge the jury on apprehension of a criminal, counsel testified that to his knowledge such a charge was not a lesser included charge to any charges in Petitioner's indictment. Moreover, the Petitioner was not charged with this offense. Counsel was asked why he did not object to the State's witness Mr. Barton testifying that the co-defendant saw the Petitioner shooting a .45 toward the club and that he ran away. According to counsel's testimony, as well as the record, the Petitioner gave this statement and the same was not objected to because it was never in dispute. Moreover, according to counsel, the co-defendant's statements were redacted to the extent that the Petitioner's brother had made any statement which tended to incriminate the Petitioner. This Court notes that counsel vehemently objected to any of the prior difficulty evidence, and in fact had a standing objection throughout the trial on this issue.

> Counsel also testified before this Court that the incident involved the Petitioner and his brother as well as his cousin. According to counsel, the facts of the case showed that the petitioner's cousin was in jail on a disorderly conduct charge when the victim was killed. He had filed a motion to sever which the trial court denied. Based upon the denial of this motion, counsel believed that there was not even a remote chance that the trial court world consider severing the petitioner who was actually present when the victim was killed.
>
> After a thorough review of the trial transcript, this Court concludes that Petitioner has failed to establish that either counsel's performance was constitutionally ineffective. . . . This Court finds that counsel's overall advocacy at trial and on appeal was appropriate and objectively reasonable. None of the errors of which Petitioner complains provide him any basis for relief.

*Perry v. Humphrey*, Civil Action No. 03-V-359 at 5-7 (Superior Court of Mitchell County)

In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [trial] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a

6

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The court's determination of prejudice to the petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

It does not appear, nor has petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that attorney Collier provided the plaintiff with effective representation, based on testimony indicating that Collier had adequately prepared for trial, and provided reasoned deliberation regarding the filing of motions and interposing of objections. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that Collier was not deficient and did not prejudice petitioner at trial. The facts as found by the state habeas court evidence Collier's preparation for petitioner's representation, reviewing evidence in the possession of the prosecution, and objecting to the introduction of evidence and filing motions when appropriate. Therefore, this ground will not support the granting of habeas relief herein.

*Procedurally defaulted grounds*

In grounds 2 and 3 of his original petition and in ground 3 of his amended petition, the petitioner raises several alleged instances of ineffective assistance of counsel for the first time, which the respondent argues are procedurally defaulted. Additionally, in ground 2 of his amended petition, the petitioner asserts that he was denied due process and the trial court committed plain error when the court allegedly instructed the jury that the crimes could be committed in a different manner from the manner alleged in the indictment. Counsel for the respondent asserts that this ground is new but procedurally defaulted, as petitioner did not raise this claim in his state habeas petition or on direct appeal.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986). Herein, the petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue. The petitioner has not established cause and actual prejudice to excuse the

procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

Inasmuch as the grounds for relief raised herein will not support the granting of habeas relief, it is the recommendation of the undersigned that this petition be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 13th day of August, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE